## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

**SHENZHEN ZHIHUIDA TECHNOLOGY CO., LTD., AND GAOSTO LTD,**

Plaintiffs,

v.

**PETPIVOT INC; FLUFFYFINDS; NOAH WOLFENSON; LUC BLANCATO; COLTOMN; AND DOE 1,**

Defendants.

**Civil Action No. 26-cv-54**

## ORIGINAL COMPLAINT

Plaintiffs Shenzhen Zhihuida Technology Co., Ltd., and Plaintiff Gaosto Ltd. (together, "Plaintiffs") bring this unfair competition action against Defendant PetPivot Inc. ("Defendant PetPivot"); Defendant fluffyfinds ("Defendant fluffyfinds"), a TikTok account; Defendants Noah Wolfenson and Luc Blancato ("Defendants Wolfenson and Blancato), the individuals who are, on information and belief, operate Defendant fluffyfinds; Defendant coltomn ("Defendant coltomn"), a TikTok account; and Doe 1, who is, on information and belief, operates Defendant coltomn, and alleges as follows:

### INTRODUCTION

1.      Plaintiffs bring this lawsuit against Defendant in combat untrue and/or misleading commercial statements made under Defendant's direct and/or indirect instructions. By spreading such untrue/misleading statements, Defendant deceived the public about Plaintiffs' products.

2.      This action arises under Lanham Act and the common and statutory law of the State of Texas.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over other claims herein that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

4.      This Court may properly exercise personal jurisdiction over Defendants since Defendants target business activities toward consumers in Texas through at least the fully interactive and e-commerce website at https://www.tiktok.com/shop.

5.      Specifically, Defendants have reached out to conduct business with Texas residents and, on information and belief, has purposefully caused the dissemination of false and misleading statements regarding Plaintiffs' products in Texas.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

7.      Plaintiff Shenzhen Zhihuida Technology Co., Ltd. ("Plaintiff Zhihuida") is a Chinese company operates in the People's Republic of China. It is the rightful owner of the federally registered trademark " Meowant " using the stylized word "Meowant" for, among others, litter boxes for pets. Exhibit A.

8.      Plaintiff Gaosto Ltd. ("Plaintiff Gaosto") is a corporation organized under the law of the State of Delaware. Through licensing, Plaintiff Gaosto operate TikTok store Meowant at https://www.tiktok.com/shop/store/meowant/7495317849137973743 (the "Meowant Store"),

selling Plaintiff Zhihuida's Meowant-branded cat litter box products. As of the filing of this Complaint, the Meowant Store has sold more than 600,000 Meowant-branded products.

9.      Upon information and belief, Defendant PetPivot is a company organized and existing under the laws of the in Oregon, having its principal place of business located at 1614 NW RIVERSCAPE ST PORTLAND OR 97209.

10.     Upon information and belief, Defendant PetPivot has its registered agent name and can be served at REGISTERED AGENTS INC, 5441 S MACADAM AVE, STE R PORTLAND OR 97239.

11.     Upon information and belief, all Defendant PetPivot's managers and/or members can be found at 1614 NW RIVERSCAPE ST PORTLAND OR 97209.

12.     Defendant fluffyfinds is a TikTok account that can be found at https://www.tiktok.com/@fluffyfinds1. On information and belief, Defendant fluffyfinds is operated by two individuals named Noah Wolfenson and Luc Blancato. Exhibit B.

13.     Defendant coltomn is a TikTok account that can be found at https://www.tiktok.com/@coltomn. Upon information and belief, Defendant coltomn is operated by Defendant Doe 1, whose identity is currently unknown to Plaintiff. Exhibit C.

## GENERAL FACTS AND ALLEGATIONS

14.     For years, the Meowant-branded cat litter box products have been leading products in the market.

15.     Plaintiff Gaosto is Plaintiff Zhihuida's licensed retailer and sells Meowant-branded cat litter box products through the online platform TikTok Shop.

16.     As one of the earliest entrants in the market, the Meowant-branded cat litter box products have been very well received by customers in the United States, including in the State of Texas.

17.     Consumers in the United States, as well as Texas, highly complimented Plaintiffs' Meowant-branded cat litter box products, as examples as following,

a. I decided to splurge on the fancy auto clean cat litter, and honestly, it's been a game changer for me and my cat. While it's definitely more expensive than traditional auto-clean one, its totally worth the investment. The biggest difference I've is how much cleaner the litter box stays, it really does a better job at keeping things tidy compared to what I've used before. Its also super quiet, so no annoying noise every time it cleans. Another huge plus is that theres no smell! This system keeps odors at bay much better than other litter boxes Ive tried. Its also incredibly easy to set up, which was a relief. And as a bonus, I can connect it to my phone for easy monitoring and control.Theres one thing I think could be improved: the mesh could be a little finer to catch smaller clumps. Sometimes a few little bits get missed. Still, it's a minor issue compared to how much easier and cleaner it makes my life.If you're willing to invest a little more, this litter system is definitely worth it for the convenience, cleanliness, and no-fuss maintenance. Highly recommended!

b. I recently purchased the this automatic litter box, and it has been a game-changer for both my cat and me. Here are my thoughts after using it for a few days. The litter box has a sleek and modern design that fits well with my home decor. It feels sturdy and well-constructed, which gives me confidence that it will last a long time. The size is perfect for my medium-sized cat, providing enough space for her to move around comfortably. Setting up the litter box was straightforward. The instructions were clear, and I had it ready to go within minutes. The automated cleaning process is impressive; it scoops the waste into a separate compartment, reducing the need for frequent manual cleaning. This feature has significantly reduced the odor in my home, which is a huge plus. The sensor system works effectively, detecting when my cat has used the litter box and initiating the cleaning cycle shortly afterward. It's quiet during operation, which is important because it doesn't scare my cat or disturb the household. The waste compartment is easy to access and empty, making maintenance a breeze.

c. Weve had ours a week and so far have nothing negative to say about it. It was very easy to set up both the litter box and the app. Like others have said, I recommend a good fast clumping litter and set the box to clean at least 10 minutes after a cat has been in (you set it on your app). It is very quiet and easy to clear out the box. And you do not smell the clumps. We havent tried changing out the litter yet, but it looks easy. 2 of our cats took to it quickly, the other one is more hesitant but is getting there. For the price compared to others, I think its

a great bargain. We hated scooping litter and this works for us and the cats who get a clean bowl every time.

*See* https://meowant.com/.

18.    Defendant PetPivot, who entered the market later, directly competes with Plaintiffs in the market for cat litter boxes. Both Plaintiff Gaosto and Defendant PetPivot are selling cat litter box products through the online platform TikTok Shop.

19.    Upon information and belief, Defendant PetPivot engaged Defendants fluffyfinds, coltomn, Noah Wolfenson, Luc Blancato and Doe 1 to systematically disparage Plaintiffs' business reputation so they can unfairly compete with Plaintiffs. On information and belief, Defendants fluffyfinds, coltomn, Noah Wolfenson, Luc Blancato, and Doe 1 receive direction and instructions from Defendant PetPivot, which they have followed.

20.    Specifically, on information and belief, all Defendants acted in concert through Defendants fluffyfinds and coltomn, two TikTok accounts, by creating and disseminating fake "review" videos that widely spread false, misleading, and deceptive statements regarding Plaintiff's Meowant-branded cat litter box products.

21.    Such false, misleading, and deceptive videos all contain direct links to Defendant PetPivot's TikTok Shop storefront PetPivot US, which can be found at https://www.tiktok.com/shop/store/petpivot-us/7495791587377711555.

22.    One exemplary video posted by Defendant coltomn contains a statement that "… sadly my other two automatic litter cleaning boxes they didn't do the pre-cleaning cycle so it ended up smearing and I had to manually clean it with paper towel and it stunk pretty bad," which referring to Plaintiffs' Meowant-branded cat litter box.

23.    Such statement is false, misleading, and/or deceptive because Plaintiff's Meowant-branded cat litter box products' pre-cleaning cycle is fully functional and prominently

implemented within the application as a one-tap feature labeled "Shake Mode." This function is clearly visible and readily accessible to any user. Nonetheless, upon information and belief, Defendants intentionally deactivated this function, despite its availability. This deliberate omission was designed to create a false, misleading, and/or deceptive impression to potential consumers that the pre-cleaning function of Plaintiff's Meowant-branded cat litter box products either does not exist or is ineffective.

24.    Another instance is one video posted by "fluffyfinds1" that contains a statement that "I got this thing for 300 dollar and yheah I don't scoop anymore, but it just ends up super disgusting. It doesn't even cover the litter and the grates are super big so a lot doesn't even get scooped up," also referring to Plaintiffs' Meowant-branded cat litter box.

25.    Such statement is false, misleading, and/or deceptive because First, Defendants have falsely claimed that Plaintiffs' products were sold at $300, a price point at which Plaintiffs never listed their Meowant-branded cat litter box products. Second, Defendants presented fabricated visuals falsely depicting Plaintiff's products as having poor cleaning capability and a heavily soiled interior. In fact, when properly used, Plaintiff's Meowant-branded cat litter box products provide top-notch cleaning capacity among cat litter box products on the market.

26.    Other videos containing similar false, misleading, and/or deceptive statements were posted by, at least, Defendants coltomn and fluffyfinds1, on information and belief, directed by Defendant PetPivot.

27.    All Defendants were aware that the statements they made regarding Plaintiffs' Meowant-branded cat litter box products were false, misleading, and/or deceptive. Nonetheless, they made these statements with the intent to deceive potential consumers, divert sales away from Plaintiffs' Meowant-branded products, and disparage Plaintiffs' business reputation.

28.     As a result of Defendants' false, misleading, and/or deceptive statements, Plaintiffs have experienced a noticeable decrease in sales.

## COUNT I

### Unfair Competition and False Advertising (15 U.S.C. § 1125(a))

29.     Plaintiffs re-allege the foregoing paragraphs as if fully set forth herein.

30.     On information and belief, Defendants made and distributed, in interstate commerce and in this District, false statements and advertisements promoting PetPivot brand that contain false or misleading statements of fact regarding Meowant-branded products.

31.     Plaintiffs' Meowant-branded products are distributed in interstate commerce, as it is sold nationwide throughout the United States and internationally around the world.

32.     On information and belief, the false/misleading statements caused by Defendants have actually deceived, or have a tendency to deceive, a substantial segment of Plaintiffs' customers and/or potential customers. The deception is material because it is likely to influence the purchasing decisions of Plaintiffs' customers.

33.     Such false and misleading statements and omissions violate the Lanham Act, § 43(a), 15 U.S.C. § 1125(a).

34.     Such false and misleading statements and omissions have injured, and are likely to further injure, Plaintiffs and their business. The false and misleading statements and omissions damage Plaintiffs' reputation, harm the goodwill they have developed for the Meowant brand with consumers, negatively impact their sales, and negatively impact the enterprise value of their business.

35.     Defendants have and will continue to cause immediate and irreparable injury to Plaintiffs, including injury to their business, reputation, and goodwill, for which there is no adequate remedy at law. Plaintiffs consequently are entitled to an injunction under 15 U.S.C. §

1116 restraining Defendants, their agents, employees, representatives, and all persons acting in concert with it from engaging in further acts of false advertising and ordering removal of all Defendants' false advertisements.

36.    Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of Defendants' acts in violation of the Lanham Act § 43(a), pursuant to 15 U.S.C. § 1117. Plaintiffs will prove the full extent of the monetary damages they have suffered by reason of Defendants' acts through this action.

37.    Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their use of the Meowant brand in the false and misleading statements and omissions. Plaintiffs will prove the full extent of Defendants' gains, profits, and advantages through this action.

38.    On information and belief, Defendants' actions are willful and done with the intention of causing confusion, mistake, or deception. Accordingly, this is an exceptional case entitling Plaintiffs to recover the costs of this action, including its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

## COUNT II
## Texas Common Law – Unfair Competition

39.    Plaintiffs re-allege the foregoing paragraphs as if fully set forth herein.

40.    On information and belief, Defendants made and distributed, in interstate commerce and in this District, false statements and advertisements promoting PetPivot brand that contain false or misleading statements of fact regarding Meowant-branded products.

41.    Plaintiffs' Meowant-branded products are sold within the State of Texas, and such false/misleading statements were made from Texas and reached, on information and belief, Texas consumers.

42.     Defendants have and continue to commit unlawful acts, as pleaded above, including but not limited to violations of the Lanham Act. Defendants have committed these unlawful acts maliciously and with the specific intent, to interfere with Plaintiffs' ability to conduct its business.

43.     Defendant has and will continue to cause immediate and irreparable injury to Plaintiffs, including injury to their business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiffs are entitled to an injunction restraining Defendants, their agents, employees, representatives, and all persons acting in concert with him from engaging in further acts of unfair competition and ordering removal of all such false statements.

44.     Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of Defendants' acts constituting unfair competition. Plaintiffs will prove the full extent of the monetary damages they have suffered by reason of Defendants' acts through this action.

**Count III**

**Injury to Business Reputation and Trademark Dilution**

**Tex. Bus. & Com. Code § 16.29**

45.     Plaintiffs re-allege the foregoing paragraphs as if fully set forth herein.

46.     The false, misleading, and deceptive statements caused by Defendants on the TikTok platform, have resulted in dilution of the distinctive quality of the Mewant mark, and have likely tarnished or misappropriated the goodwill and reputation associated with it.

47.     Defendants' willful acts constitute a violation of Texas Business and Commercial Code § 16.29 for injury to Plaintiffs' business reputation and trademark dilution.

48.     Defendants' acts have caused irreparable injury to Plaintiffs, and will continue to irreparably harm Plaintiffs unless enjoined.

49.     Defendants' acts have been willful and deliberate justifying an award of attorney fees.

## COUNT IV

### Defamation

50.    Plaintiffs re-allege the foregoing paragraphs as if fully set forth herein.

51.    The defamatory statements caused by Defendants regarding Plaintiff's Meowant-branded products on TikTok constitute publications. These statements are available to the public online at no cost.

52.    In addition, because the defamatory statements concern a private issue, and not a public issue, falsity is presumed and Defendants must plead and prove truth as an affirmative defense.

53.    Such defamatory statements caused by Defendants fall within the scope of statutory libel, as they impeach the reputation of Plaintiff by falsely calling into question the performance and reliability of Plaintiffs' Meowant-branded products.

54.    Defendants knew of the falsity of the representations and caused the publication of the statements with reckless disregard of whether the representations were false or not.

55.    Defendants' actions constitute defamation under Texas common law and statutory law.

## COUNT V

### Tortious Interference

56.    Plaintiffs re-allege the foregoing paragraphs as if fully set forth herein.

57.    Defendants' improper actions or instances of wrongful conduct were done without privilege.

58.    Defendants acted purposely and with malice with the intent to injure Plaintiffs.

59.    Defendants induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with Plaintiffs, such as potential consumers who had bought and/or would buy Plaintiffs' Meowant-branded products.

60.    Defendants' tortious conduct proximately caused damage to the Plaintiffs in an amount to be determined to a trial by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A.  In favor of Plaintiffs and against Defendants on all of Plaintiff's claims;

B.  Defendants be ordered to immediately terminate any further dissemination and displaying of the materials complained of herein and similar were false, misleading, and/or deceptive statements;

C.  Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained preliminarily and permanently from

    a.  Disseminating, displaying, or otherwise distributing or causing to be displayed the statements complained of herein and similar were false, misleading, and/or deceptive statements;

    b.  Using the mark Meowant, or any variations or derivatives thereof, in commerce;

    c.  Unfairly competing with Plaintiff in any manner whatsoever;

    d.  Causing likelihood of injury to Plaintiffs' business reputation; and

D.  Defendants be ordered to file with this Court and serve on Plaintiffs within thirty (30) days after service of such injunction, a written report under oath pursuant to 15 U.S.C. 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.  That Defendants account for and pay over to Plaintiffs its profits and all damages sustained

by Plaintiffs, pursuant to 15 U.S.C. 1117(a);

F.  Actual damages and exemplary damages, pursuant to 15 U.S.C. 1117(b);

G.  Statutory damages pursuant to 15 U.S.C. 1117(c);

H.  An award to Plaintiff of its costs and attorneys' fees incurred in this action; and

I.  Further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs hereby demand trial by jury on all issues so triable.


DATED: January 16, 2026                    Respectfully submitted,

By: */s/ Timothy T. Wang*
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Tong Jin
Texas Bar No. 24110051
tjin@nilawfirm.com


**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900


*Counsel for Plaintiffs*